ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SUNBEAMS BILINGUAL ACADEMY, INC.,<br><br>Apelante,<br><br>v.<br><br>COLEGIO MI CUIDO Y EDUCACIÓN, INC.; IRMA IRIS FONTÁNEZ MORALES, por sí y en representación de la SOCIEDAD LEGAL DE BIENES GANANCIALES que tiene constituida con su esposo ROBERTO GONZÁLEZ VÁZQUEZ; ROBERTO GONZÁLEZ VÁZQUEZ; DUEÑAS TRAILERS RENTAL, INC.,<br><br>Apelada. | KLAN202400585 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Humacao.<br><br>Civil núm.: HCSI201500670.<br><br>Sobre: deslinde y amojonamiento. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 17 de julio de 2024.

El 2 de junio de 2024, la parte apelante, Sunbeams Bilingual Academy, Inc. (Sunbeams), instó este recurso con el fin de que este Tribunal revoque la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 14 de marzo de 2024, notificada el 20 de marzo de 2024. En su determinación, el foro primario desestimó la demanda sin perjuicio, toda vez que no se había incluido en el pleito a una parte indispensable.

Evaluado el escrito de apelación y su apéndice, así como la oposición de la parte apelada, **revocamos** la *Sentencia* apelada.

Número identificador

SEN2024_____

I

El 24 de junio de 2015, Sunbeams presentó una demanda[1] sobre deslinde, demolición de construcción de mala fe, acción reivindicatoria, demolición de construcción extralimitada, daños y perjuicios, y enriquecimiento injusto en contra de Colegio Mi Cuido y Educación, Inc., (Colegio Mi Cuido), el Sr. Roberto González Vázquez y la Sra. Iris Fontánez Morales (esposos González Fontánez), y Dueñas Trailers Rental, Inc., (Dueñas Trailers). En síntesis, alegó que Colegio Mi Cuido había levantado una edificación (una cancha de baloncesto techada), y había ubicado un vagón que había comprado o arrendado a Dueñas Trailers, los cuales invadían su finca. Razonó que dichas construcciones extralimitadas le impedían o coartaban su derecho al disfrute de su propiedad.

En respuesta, 10 de agosto de 2015, Dueñas Trailers presentó su contestación a la demanda[2]. El 1 de diciembre de 2015, los esposos González Fontánez, la sociedad legal de gananciales compuesta por ambos y el Colegio Mi Cuido presentaron la suya[3]. Entre sus sendas defensas afirmativas, las partes litigantes plantearon que faltaba una parte indispensable, sin especificar su identidad.

Tras varios trámites procesales, el 23 de marzo de 2023, Sunbeams presentó una moción sobre parte indispensable[4]. En síntesis, indicó que el 8 de marzo de 2023, se había celebrado una vista de estatus en la que, tanto el Colegio Mi Cuido como los esposos González Fontánez, habían planteado la falta de una parte indispensable. No obstante, Sunbeams señaló que la notificación de una acción de deslinde se efectuaba, únicamente, a los propietarios cuyas propiedades limítrofes tuviesen confundidos sus linderos. Es decir, que los colindantes que podían estar afectados eran solo el Colegio Mi Cuido y Sunbeams.

---

[1] *Véase*, apéndice del recurso, a las págs. 1-9.

[2] *Íd.*, a las págs. 18-21.

[3] *Íd.*, a las págs. 10-17.

[4] *Íd.*, a las págs. 22-34.

El 18 abril de 2023, el Colegio Mi Cuido y los esposos González Fontánez presentaron su oposición a la moción sobre parte indispensable[5]. Argumentaron que Sunbeams omitió notificar al Tribunal que existía una parte indispensable, conforme surgía del informe pericial del agrimensor Abiud Reyes Rivera (agrimensor Reyes). A su vez, plantearon que el ingeniero Narciso Matos Nazario (ingeniero Matos), perito de la parte apelante, había ubicado parte del solar en controversia sobre una porción del terreno del Sr. César Gómez Pagán y la Sra. Margarita Colón Berríos, por lo que estos eran parte indispensable. Razonaron que procedía la desestimación de la demanda por falta de parte indispensable.

El 27 de abril de 2023, Sunbeams presentó su réplica a la oposición sobre parte indispensable[6]. Alegó que la afectación de los derechos propietarios del Sr. César Gómez Pagán y la Sra. Margarita Colón Berríos no eran suficientes para considerarlos parte indispensable.

Luego de examinar los argumentos presentados por las partes, el 14 de marzo de 2024, el foro primario emitió una *Sentencia*[7], notificada el 20 de marzo de 2024, en la cual declaró sin lugar la moción sobre parte indispensable presentada por Sunbeams; en consecuencia, desestimó la demanda sin perjuicio debido a la etapa avanzada de los procedimientos. En lo pertinente, el foro primario determinó que el Sr. César Gómez Pagán y la Sra. Margarita Colón Berríos eran partes indispensables, por lo que no era posible continuar los procedimientos sin su presencia.

El 4 de abril de 2024, Sunbeams presentó una moción de determinaciones de hechos adicionales y solicitud de reconsideración[8], en la cual reiteró sus planteamientos iniciales. A su vez, planteó que si el Sr. César Gómez Pagán y la Sra. Margarita Colón Berríos eran partes

---

[5] *Véase*, apéndice del recurso, a las págs. 35-77.

[6] *Íd.*, a las págs. 78-83.

[7] *Íd.*, a las págs. 84- 89.

[8] *Íd.*, a las págs. 124-133.

indispensables, el Tribunal debía concederle un término para incluirlos en el pleito.

El 8 de abril de 2024, Sunbeams también presentó una solicitud para que se tomara conocimiento judicial de ciertos hechos[9]; en específico, los siguientes:

1. La demandante Sunbeams Bilingual Academy, Inc. adquirió la finca 1837 mediante compraventa efectuada el 4 de octubre de 2013. La finca en cuestión tiene una cabida de 36,827.93 metros cuadrados.

2. La finca de la demandante (finca 1837) colinda por el norte con la Iglesia Comunidad Cristiana, Inc., Betty Rosa Marcano, la Extensión del Residencial Oriente, y en 25.29 metros, con el solar segregado (Roberto González Vázquez); por el sur, con la carretera #198 que conduce de Las Piedras a Juncos, y en 25.08 metros, con el solar segregado (Roberto González Vázquez); por el este, con y en 81.50 metros con el solar segregado (Roberto González Vázquez); y por el oeste, con la calle #35, entrada a la Urbanización Residencial Oriente y su Extensión.

3. El predio de 2,000 metros cuadrados que ARPe exigió que se agrupara como condición *sine qua non* para autorizar la segregación de la finca 1837 y la venta de esta a los esposos demandados ya se había agrupado con la finca 53334, que es propiedad de los esposos demandados. Así surge de la escritura número 8 de agrupación otorgada en Las Piedras el 8 de abril de 2010, ante el notario Manuel Medina Delgado.

Por su parte, el 19 de abril de 2024, el Colegio Mi Cuido y los esposos González Fontánez presentaron su oposición a la antedicha solicitud[10]. En lo pertinente, señalaron que solicitar que el Tribunal tomara conocimiento judicial resultaba inoportuno, dado que se había dictado una sentencia desestimatoria. Asimismo, argumentaron que existía controversia con relación a la cabida de las fincas y los linderos de estas, por lo que el Tribunal estaba impedido de tomar conocimiento judicial.

En la misma fecha, el Colegio Mi Cuido y los esposos González Fontánez presentaron su oposición a la moción de determinaciones de hechos adicionales y solicitud de reconsideración[11], en la cual reafirmaron

---

[9] *Véase*, apéndice del recurso, a las págs. 90-123.

[10] *Íd.*, a las págs. 134-138.

[11] *Íd.*, a las págs. 139-149.

la falta de parte indispensable. De igual forma, alegaron que traer al pleito a la parte omitida, se traducía en conceder a la parte demandante-apelante la oportunidad de enmendar la demanda. Además, apuntaron que la demanda se había presentado hacía nueve (9) años, había culminado el descubrimiento de prueba y se había señalado la conferencia con antelación a juicio, por lo que incluir a otra parte resultaba en un retraso en los procedimientos.

El 30 de abril de 2024, el foro primario emitió una *Resolución en Reconsideración*[12], notificada el 13 de mayo de 2024, en la cual declaró sin lugar la moción de determinaciones de hechos adicionales y solicitud de reconsideración. En específico, reafirmó que el Sr. Cesar Gómez Pagán y la Sra. Margarita Colón Berríos eran partes indispensables en el pleito. Por último, concluyó que habían transcurrido ocho (8) años desde que se presentara la demanda, por lo que Sunbeams debió haber identificado a los colindantes en un momento oportuno y no antes de que comenzara el juicio. Enfatizó que Sunbeams tampoco había mostrado justa causa para la dilación en acumular a las partes indispensables.

Inconforme aún, Sunbeams instó este recurso el 12 de junio de 2024, y adujo la comisión de los siguientes errores:

> Negarse a tomar conocimiento judicial de hechos adjudicativos a pesar de que la apelante proveyó información suficiente para establecer que tales hechos no están sujetos a controversia razonable.
>
> Desestimar el pleito porque supuestamente la apelante dejó de acumular una parte indispensable; para lo cual en lugar de tomar por ciertos los hechos alegados en la demanda, tomó por cierto los hechos planteados por los apelados, todo ello en violación a la Regla 10.2 de Procedimiento Civil.
>
> Desestimar el pleito a pesar de que no existe ninguna parte indispensable que no haya sido acumulada al pleito.
>
> Desestimar el pleito porque supuestamente la apelante dejó de acumular una parte indispensable, en lugar de proveerle un término a la apelante para acumularla.

Por su parte, la apelada presentó su oposición el 12 de julio de 2024. Respecto al conocimiento judicial por parte del foro primario, reiteró que

---

[12] *Véase*, apéndice del recurso, a las págs. 150-157.

existía controversia con relación a los linderos y las cabidas de las fincas, por lo que no procedía acoger los hechos propuestos. En cuanto al argumento de parte indispensable, planteó que la determinación de falta de parte indispensable no estaba limitada por la Regla 10.2 de Procedimiento Civil, sino que se regía por la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V. Asimismo, enfatizó que la falta de parte indispensable surgía del plano autorizado por el ingeniero Matos, el cual situó una porción de la finca 5334 sobre la finca del Sr. César A. Gómez Pagán y la Sra. Margarita Colón Berríos. Por último, apuntó que permitir la enmienda a la demanda transcurridos nueve (9) años de haberse presentado el pleito, le causaba un perjuicio indebido.

II

A

La Regla 201 de Evidencia de Puerto de 2009, 32 LPRA Ap. VI, dispone que,

(A) Esta Regla aplica solamente al conocimiento judicial de hechos adjudicativos.

(B) El Tribunal podrá tomar conocimiento judicial solamente de aquel hecho adjudicativo que no esté sujeto a controversia razonable porque:

(1) es de conocimiento general dentro de la jurisdicción territorial del Tribunal, o

(2) es susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada.

(C) El Tribunal podrá tomar conocimiento judicial a iniciativa propia o a solicitud de parte. Si es a solicitud de parte y ésta provee información suficiente para ello, el Tribunal tomará conocimiento judicial.

(D) Las partes tendrán derecho a ser oídas en torno a si procede tomar conocimiento judicial. De no haber sido notificada oportunamente por el Tribunal o por la parte promovente, la parte afectada podrá solicitar la oportunidad de ser oída luego de que se haya tomado conocimiento judicial.

(E) El Tribunal podrá tomar conocimiento judicial en cualquier etapa de los procedimientos, incluyendo la apelativa.

(F) En casos criminales ante Jurado, la Jueza o el Juez instruirá a las personas miembros del Jurado que pueden, pero no están obligados a aceptar como concluyente

cualquier hecho del cual haya sido tomado conocimiento judicial.

32 LPRA Ap. VI, R. 201.

La toma de conocimiento judicial está fundada en la economía procesal probatoria, ya que sustituye la presentación de evidencia. *Pérez Pérez v. Municipio de Lares,* 155 DPR 697, 705 (2001). A su vez, la Regla 201 de Evidencia trata sobre el conocimiento judicial de hechos adjudicativos. Es decir, versa sobre los hechos que "no están en controversia de acuerdo con las alegaciones y del derecho sustantivo que rige el asunto". *U.P.R. v. Laborde Torres*, 180 DPR 253, 276 (2010), citando a *Pérez v. Mun. de Lares*, 155 DPR 697, 704 (2001), y a *Asoc. de Periodistas v. González*, 127 DPR 704 (1991).

El Tribunal Supremo de Puerto Rico ha expresado que los hechos no tienen que ser de conocimiento general; pudiera tratarse de un hecho que casi nadie conoce. Lo esencial es que pueda averiguarse indubitablemente, con prontitud y precisión, acudiendo a fuentes de incuestionable confiabilidad. *Asoc. de Periodistas v. González*, 127 DPR, a la pág. 713. Así pues, los tribunales pueden tomar conocimiento judicial de los procedimientos celebrados, sentencias o resoluciones dictadas en otros pleitos, pues son hechos cuya comprobación puede ser exacta o inmediata. *Íd.*, a la pág. 714-715.

Aunque las Reglas de Evidencia autorizan la toma de conocimiento judicial por iniciativa propia en cualquier etapa de los procedimientos, también garantizan el derecho de las partes a ser escuchadas en torno a si procede la toma de conocimiento judicial. 32 LPRA Ap. VI, R. 201(d).

B

La Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, gobierna lo relacionado a la acumulación de partes. En específico, dispone que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". 32 LPRA Ap. V, R. 16.1.

Una parte es indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados. *FCPR v. ELA et al.*, 211 DPR 521, 530-531 (2023); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 463 (2019); *López García v. López García*, 200 DPR 50, 63 (2018).

El alcance de la Regla 16.1 forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley y la necesidad de que el dictamen judicial que en su día se emita sea uno completo. *RPR & BJJ Ex Parte,* 207 DPR 389, 407 (2021); *López García v. López García*, 200 DPR, a la pág. 63. Por tal motivo, ante la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia. *Romero v. S.L.G. Reyes*, 164 DPR 721, 733 (2005).

Por otro lado, el Tribunal Supremo de Puerto Rico ha expresado que, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia, se debe analizar "si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012). En la interpretación de esta regla se requiere una evaluación a la luz de las circunstancias particulares que se presenten y no de una fórmula rígida para determinar su aplicación. *López García v. López García*, 200 DPR, a la pág. 64.

Cabe precisar que la falta de parte indispensable es un planteamiento tan vital, que se puede presentar en cualquier momento, que incluye presentarlo por primera vez en apelación; el tribunal también puede plantearlo *motu proprio. RPR & BJJ Ex Parte,* 207 DPR, a la pág. 407*.*

Además, y en lo pertinente, el Art. 319 del Código Civil de 1930 dispone que: "[t]odo propietario tiene derecho a pedir el deslinde de su propiedad, **con citación de los dueños de los predios colindantes**". 32 LPRA sec. 1211. (Énfasis nuestro). Es decir, los dueños de los predios

colindantes son parte indispensable en un pleito sobre el deslinde de una propiedad inmueble.

C

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla reza como sigue:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) **dejar de acumular una parte indispensable**.

(Énfasis nuestro).

Así pues, la regla permite que un demandado o reconvenido le solicite al tribunal la desestimación de la demanda en su contra por el fundamento de dejar de acumular una parte indispensable. Ahora bien, no procede la desestimación de una demanda, si la misma es susceptible de ser enmendada. *Colón v. Lotería*, 167 DPR 625, 649 (2006). Cónsono con lo anterior, el Tribunal Supremo ha resuelto que,

> El paso del tiempo no impide, *ipso facto*, que el Tribunal admita una enmienda. **Los tribunales deben conceder el permiso para enmendar la demanda liberalmente, aun en etapas avanzadas de los procedimientos**. **De hecho, se pueden realizar enmiendas en etapas tan avanzadas como la "Conferencia con Antelación al Juicio"**. La conferencia preliminar al juicio, cuyo propósito es simplificar los procedimientos, ofrece la oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo.

*S.L.G. Font Bardón v. Mini-Warehouse,* 179 DPR 322, 323 (2010). (Énfasis nuestro).

III

Según expuesto, Sunbeams sostiene que el foro primario erró al negarse a tomar conocimiento judicial de hechos que no estaban en controversia. Además, aduce que incidió al desestimar el pleito por dejar de acumular una parte indispensable.

En cuanto al primer señalamiento de error, la parte apelante argumenta que no existía controversia con relación a los hechos propuestos, toda vez que los mismos surgían de las escrituras que constaban en autos. En lo pertinente, los hechos propuestos por Sunbeams se basan en tomar conocimiento judicial respecto a la cabidas y colindancias de las fincas en controversia.

Por su parte, la apelada plantea que no procede tomar conocimiento judicial, toda vez que los linderos y las cabidas constituyen la controversia medular del caso.

Tal cual expresamos, el tribunal puede tomar conocimiento judicial, únicamente, de aquel hecho adjudicativo que no esté sujeto a controversia razonable. Cónsono con lo anterior, lo esencial es que pueda averiguarse indubitablemente, con prontitud y precisión, acudiendo a fuentes de incuestionable confiabilidad.

Del expediente ante nuestra consideración no surge con claridad cuáles son los linderos y las cabidas de los terrenos en los cuales están ubicados la edificación y el vagón. Por tanto, colegimos que el foro primario está impedido de tomar conocimiento judicial, dado a que existe controversia respecto a los linderos y la cabida de las fincas. En su consecuencia, concluimos que el tribunal primario no cometió el primer error imputado.

En cuanto al segundo, tercer y cuarto señalamiento de error, los discutiremos en conjunto por estar estrechamente relacionados entre sí. En síntesis, Sunbeams sostiene que la parte apelada presentó el argumento de dejar de acumular una parte indispensable siete (7) años después de presentar su contestación a la demanda. A su vez, argumenta que desestimar la demanda por falta de parte indispensable es incorrecto, dado que el foro primario tenía que dar por ciertas las alegaciones de la demanda. Por último, señala que, de existir una parte indispensable, el foro *a quo* tenía que conceder un término para enmendar la demanda.

Por su parte, la parte apelada alega que la determinación de falta de parte indispensable no está limitada por la Regla 10.2 de Procedimiento Civil, sino que se rige por la Regla 16.1 de Procedimiento Civil. Asimismo, enfatizó que la falta de parte indispensable surge del plano autorizado por el ingeniero Matos, el cual situó una porción de la finca 5334 sobre la finca del Sr. César A. Gómez Pagán y la Sra. Margarita Colón Berríos[13]. Por último, aduce que permitir la enmienda a la demanda luego nueve (9) años de haberse presentado la misma, le causa un perjuicio indebido[14].

Según el derecho previamente expuesto, la Regla 10.2 de Procedimiento Civil permite que un demandado solicite al tribunal la desestimación de las alegaciones en su contra por el fundamento de dejar de acumular una parte indispensable. No obstante, no procede la desestimación de una demanda si la misma es susceptible de ser enmendada.

Nuestro ordenamiento jurídico provee para la desestimación sin perjuicio de un pleito cuando falte acumular a una parte indispensable. No obstante, siendo la desestimación la sanción más severa impuesta a una parte, la sana administración de la justicia exige que se provea para la debida adjudicación en sus méritos de los derechos y obligaciones de las partes litigantes.

Por tanto, si bien coincidimos con la parte apelada en que el foro primario concluyó correctamente que faltaba una parte sin la cual no podía continuar el pleito, no podemos coincidir en que la desestimación del pleito fuera la alternativa menos onerosa; ello, aun cuando los procesos estuvieran tan adelantados.

---

[13] Debemos enfatizar que l**os señores César Gómez Pagán y Margarita Colón Berríos son, en efecto, partes indispensables**. Así surge del plano confeccionado por el perito contratado por la parte apelante, ingeniero Matos. Resulta frívolo de parte de la apelante continuar impugnando esa determinación. **La decisión en justicia que hoy tomamos está basada en esa premisa y no está, ni estará, sujeta a impugnación adicional por parte de Sunbeams**.

[14] Tomamos en consideración el hecho de que, si bien la demanda fue instada en el 2015, a partir de ese año, Puerto Rico ha sufrido el embate del huracán María en el 2016, y los efectos de la pandemia. Ello provocó un disloque significativo en la vida cotidiana de nuestro Pueblo y, por consiguiente, en la tramitación de los pleitos ante nuestros tribunales, que no podemos pasar por alto. La justicia se imparte con agilidad y diligencia, pero también con sensibilidad.

Así pues, le asiste la razón a la parte apelante. El foro primario tomó la medida más drástica, que conlleva iniciar el pleito nuevamente. Por lo tanto, el tribunal deberá conceder un **término perentorio** a la parte demandante, aquí apelante, para que **enmiende su demanda y traiga al pleito y emplace a los señores César Gómez Pagán y Margarita Colón Berríos**. Incumplido tal término perentorio, el tribunal podrá desestimar la demanda sin perjuicio.

IV

Por las razones antes expuestas, **revocamos** la *Sentencia* dictada el 14 de marzo de 2024, notificada el 20 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao, y devolvemos el caso para la continuación de los procedimientos de manera compatible con esta sentencia.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones